IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN J. CONN, | : | CIVIL ACTION |
| Petitioner | : | |
| | : | |
| v. | : | NO. 04-1990 |
| | : | |
| THOMAS LAVAN, et al., | : | |
| Respondents | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                                                  **August 30, 2005**

Petitioner John J. Conn filed this *pro se* petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. The Honorable Marvin Katz[1] referred the petition to United States Magistrate Judge Charles B. Smith for a Report and Recommendation ("R&R") in accordance with 28 U.S.C. § 636(b)(1)(B). The R&R recommends that the petition be denied in its entirety. Mr. Conn filed timely objections to which Respondents replied. For the reasons set forth below, I will overrule these objections, adopt the R&R as supplemented by this Memorandum, deny the petition, and deny a certificate of appealability.

**BACKGROUND**

In December 1979, Petitioner entered the home of his deaf ninety-year old victim, stabbed and beat her to death, and burned down her house. Following a jury trial in the Court of Common Pleas of Philadelphia County, Mr. Conn was convicted of second-degree murder, burglary, and arson. He was sentenced to a term of life imprisonment on the murder charge with a consecutive term of five to ten years' imprisonment for arson.[2] Currently, he is incarcerated at

---

[1] On July 27, 2004, this case was reassigned from Judge Katz to me for all further proceedings.

[2] On direct appeal, the Superior Court of Pennsylvania vacated Mr. Conn's burglary conviction.

the State Correctional Institution at Dallas, PA.

After exhausting his state law remedies, Mr. Conn filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, alleging ineffective assistance of counsel for failure to call witness Robert Dugan at trial.  Shortly after Judge Smith ordered Respondents to file a Response to the petition, Petitioner moved for leave to amend his application to include other issues.  Judge Smith granted that request, ordered Petitioner to file his amended petition on or before July 9, 2004, and gave Respondents an additional thirty days to file their Response.

Petitioner filed an amended petition on July 7, 2004, alleging the following additional claims:  that the trial judge erred in refusing to give some of Petitioner's points for charge, refusing to direct a verdict, and/or refusing to arrest judgment on murder in the second degree; that Petitioner was denied exculpatory evidence, compulsory process for obtaining witnesses in his defense, a fair trial, due process, equal protection and timely, effective assistance of counsel under the Fifth, Sixth, and Fourteenth Amendments; that the trial judge erred in denying Petitioner witnesses in his favor by ruling that if Petitioner offered character witnesses, they and he could be cross-examined about prior arrests and alleged acts of misconduct; that Petitioner was deprived of his right to confrontation, cross-examination, fair trial, due process, equal protection and effective assistance of counsel where the trial judge prohibited defense from cross-examining Gavin and detectives about his prior criminal record; that the trial judge erred in denying Petitioner's challenges for cause to prospective jurors who indicated bias and prejudice, which deprive petitioner of due process, a fair and impartial jury on the issue of guilt; that the lower court erred in refusing to suppress the Petitioner's blood type where the search warrant did not include Petitioner's Army Medical card, showing his blood type, which police seized in

violation of the Fourteenth Amendment; that Petitioner was denied a fair trial, due process, and the right to be represented by counsel by the Commonwealth's conduct during defense counsel's summation, by the trial judge's rulings thereon, by the trial judge's charging the jury to use common sense instead of the reasonable doubt rule, and by the trial judge's charging the jury on accomplice liability when there was no evidence that Petitioner was an accomplice; and that the PCRA court erred in failing to grant relief where trial counsel was ineffective in failing to investigate and call an important witness for trial.

Judge Smith recommended that these additional claims be dismissed as barred by the statute of limitations, and that the sole claim filed in his original petition be denied as meritless. Mr. Conn filed objections arguing that the R&R should be rejected because: 1) Judge Smith relied on the flawed reasoning of the Superior Court of Pennsylvania which found that the testimony of Robert Dugan would not have been exculpatory and would not have served to directly rebut other testimony; and 2) Judge Smith granted Petitioner permission to amend his petition, then reversed that ruling to Petitioner's detriment. I will overrule these objections, and approve and adopt the R&R.

**DISCUSSION**

Where a petition for writ of *habeas corpus* has been referred to a Magistrate Judge for an R&R, the district court shall make a *de novo* determination of those portions of the report to which objections are made. The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b).

After the required review of the challenged portions of the R&R, I agree with Judge Smith that Mr. Conn's original claim is meritless. In order to be eligible for federal *habeas*

relief, Mr. Conn must establish that the state court's adjudication of the merits of his claim: "1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §§ 2254 (d) (1), (d) (2); Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 1504 (2000). In addition, any factual determinations made by the state court shall be presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254 (e).

The United States Supreme Court in Williams set forth a two-part test for analyzing claims under § 2254 (d) making it clear that the "contrary to" and "unreasonable application" clauses of § 2254 (d) have independent meaning. First, under the "contrary to" clause, a federal *habeas* court may grant the writ if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently from the Supreme Court on a set of materially indistinguishable facts. Id. at 1519. Second, under the "unreasonable application" clause, a federal *habeas* court may grant the writ if the state court identifies the correct legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. Id. at 1520. The "unreasonable application" inquiry requires the *habeas* court to "ask whether the state court's application of clearly established federal law was unreasonable." Id. "A federal *habeas* court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 1522; *see also* Early v. Packer, 537 U.S. 3, 10-11

(2002) (federal courts may not substitute their own judgment for that of the state court).

When reviewing claims of ineffective assistance of counsel, this court must view the totality of the evidence before the trial court and determine whether Petitioner has shown that the decision reached is reasonably likely to have been different absent the alleged ineffectiveness of counsel.  Strickland v. Washington, 446 U.S. 668, 695 (1984).  To prevail, Petitioner must satisfy a two-pronged test by establishing that:  1) counsel's performance was deficient; and 2) counsel's deficient performance prejudiced the defense.  Id. at 687.

A strong presumption exists that counsel's conduct falls within the wide range of reasonably professional assistance.  Id. at 689.  To demonstrate that counsel's performance was deficient, Petitioner must show that counsel's representation fell below an objective standard of reasonableness based on the facts of the particular case, viewed as of the time of counsel's conduct.  Id. at 688, 690.  To establish prejudice, Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different."  Id. at 694.

The determination of whether a state court erred in denying a claim of ineffective assistance of counsel requires this court to review whether the state court's application of Strickland was objectively unreasonable.  *See* Woodford v. Viscotti, 537 U.S. 19, 24-25 (2002) (". . . it is not enough to convince a federal *habeas* court that, in its independent judgment, the state court decision applied Strickland incorrectly.")  In addition, "counsel cannot be deemed ineffective for failing to raise a meritless claim."  Werts v. Vaughn, 228 F.3d 178, 203 (3d Cir. 2000) (citing Commonwealth v. Carpenter, 725 A.2d 154 (1999)).

Here, in affirming the PCRA court's denial of relief, the Superior Court of Pennsylvania

found that trial counsel was not ineffective for failing to call Mr. Dugan to testify:

> The failure to call a potential witness is not per se ineffectiveness absent some positive demonstration that the testimony would have been helpful to the defense. Commonwealth v. Carbone, 707 A.2d 1145, 1153 (Pa. Super. 1998). The statement offered by the missing witness Dugan would not have been exculpatory and would not have served to directly rebut the testimony offered at trial by Gavin. Because of Dugan's statement of his placement in the basement, it was entirely possible that Appellant spoke the admission to Gavin at the bar and it was not heard by Dugan who was playing darts 30 feet away. Furthermore, if Dugan's testimony was offered at trial it may have bolstered Gavin's trial testimony. Dugan's proposed testimony confirms Gavin's placement of Appellant in the basement partying with Charlton and Gavin, thereby supporting Appellant's opportunity to make the admission to Gavin. Because we are unable to discern how Dugan's testimony would have been helpful to the defense, counsel was not ineffective for failing to secure this testimony.

Commonwealth v. Conn, 3064 EDA 1999 at 3 (Pa. Super. 2003).

In the absence of clear and convincing evidence to the contrary, the state court's factual findings are accepted as correct. 28 U.S.C. § 2254(e)(1). Here, the Superior Court reasoned that trial counsel was not ineffective because there was no positive demonstration that the proposed testimony of Robert Dugan would have been helpful to the defense. The testimony would not have been exculpatory, but instead would have possibly bolstered the testimony of Mr. Gavin, who testified at trial that Petitioner had confessed to him twice, once at a party in a friend's basement which Mr. Dugan also attended. Applying Strickland to these facts, I cannot conclude that the holding of the Superior Court was contrary to, or an unreasonable application of, clearly established federal law. Woodford v. Viscotti, 537 U.S. at 24-25; Early v. Packer, 537 U.S. at 11. Thus, I will overrule Petitioner's first objection and adopt that challenged portion of the R&R.

Petitioner's next objection must also fail. Notwithstanding his arguments to the contrary, the additional claims brought in the amended petition must be dismissed as untimely. Federal *habeas* review is precluded where a petitioner does not satisfy the applicable period of limitations. Specifically, 28 U.S.C. § 2244(d)(1) provides as follows:

> A one-year period of limitation shall apply to an application for writ of *habeas corpus* by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of -
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral appeal; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244 further provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Following the enactment of this one-year period of limitations, the Third Circuit Court of

Appeals interpreted the amendment to provide for a "one year grace period" following its effective date of April 24, 1996. *See* Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998) ("applying § 2244 (d)(1) to bar the filing of a *habeas* petition before April 24, 1997, where the prisoner's conviction became final before April 24, 1996, would be impermissibly retroactive"). As a result, a petitioner whose conviction was final prior to the enactment of the limitations period was permitted to file for federal *habeas corpus* relief before April 24, 1997.

      Mr. Conn's judgment of sentence became final on February 21, 1989, when the Supreme Court of the United States denied *certiorari*. *See* Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999) (judgment becomes final at the conclusion of direct review or the expiration of time for filing such review, including the time for filing a petition for writ of *certiorari*). Thus, Mr. Conn benefitted from the one-year grace period, and was given until April 24, 1997 to file his *habeas* petition. However, the earliest date his original petition can be deemed filed is May 1, 2004, the date on which it was signed. Burns v. Morton, 134 F.3d at 113 (a *pro se* prisoner's petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court). Thus, his original petition is untimely and must be dismissed unless he can establish that the grace period was tolled through May 1, 2004.

      The limitations period may be tolled during the time a state collateral proceeding is pending if the collateral petition was properly filed under state law. 28 U.S.C. § 2244(d)(2). A properly filed state petition is one that is "submitted according to the state's procedural requirements, such as the rule governing the time and place for filing." Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). Here, Mr. Conn's PCRA petition was filed on December 30, 1996, which tolled the limitations period with 115 days remaining. The limitations period began to run

again on February 18, 2004, when the Supreme Court of Pennsylvania denied *allocatur*, and ran for the remaining 115 days, or until June 12, 2004. Petitioner filed his original petition on May 1, 2004, and it is therefore timely. However, the amended petition which included new claims was filed after the expiration of the limitations period, and it is clearly time-barred.

Granting a motion to add new claims after the expiration of the limitations period would frustrate the intent of Congress that *habeas* claims be advanced within one year after a judgment of conviction becomes final. United States v. Duffus, 174 F.3d 333, 337 (3d Cir. 1999). Allowance of such an amendment would be "contrary to the policy of the AEDPA [Antiterrorism and Effective Death Penalty Act of 1996]." Id. at 337-338 ("A prisoner should not be able to assert a claim otherwise barred by the statute of limitations merely because he asserted a separate claim within the limitations period.")

However, the district court may, in its discretion, permit an amendment to a petition to provide factual clarification or amplification after the expiration of the one-year period of limitations, as long as the petition itself was timely filed, and Petitioner does not seek to add an entirely new claim or theory of relief. United States v. Thomas, 221 F.3d 430, 436 (3d Cir. 2000). While the leave granted by Judge Smith allowed Petitioner to provide factual clarification or amplification of his one timely claim, it could not permit him to present entirely new claims that could have been included in the original petition.

Finally, Petitioner does not present any extraordinary circumstance beyond his control that would meet the judicially established criteria for disregarding the limitations period pursuant to the doctrine of equitable tolling. See Miller v. New Jersey Dept. of Corrections, 145 F.3d 616, 617-618 (3d Cir. 1998) (Petitioner must show that he exercised reasonable diligence in bringing

9

his claims; mere excusable neglect is not sufficient.)  In fact, the Supreme Court of the United States recently stated that a litigant seeking equitable tolling bears the burden of establishing two elements:  1) that he has been pursuing his rights diligently; and 2) that some extraordinary circumstance stood in his way.  <u>Pace v. DiGuglielmo</u>, 125 S. Ct. 1807, 1814 (2005); *see also* <u>Jones v. Morton</u>, 195 F.3d 153, 159 (3d Cir. 1999) (there are three circumstances permitting equitable tolling:  if the defendant has actively misled the plaintiff;  if the plaintiff has in some extraordinary way been prevented from asserting his rights;  or if the plaintiff has timely asserted his rights, but has mistakenly done so in the wrong forum).  "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling."  <u>Fahy v. Horn</u>, 240 F.3d 239, 244 (3d Cir. 2001); *see also* <u>LaCava v. Kyler</u>, 398 F.3d 271, 275 (3d Cir. 2005)(courts should apply equitable tolling sparingly).

     Mr. Conn offers no credible reason why he did not present all of his claims in the original petition.  He previously raised these claims with supporting arguments in his pleadings to the state courts.  During that process, he was provided with a complete record.  Further, Mr. Conn was well-apprised that any additional claims would have to be raised within the one-year grace period through the clear instructions printed on the *habeas* application and in Judge Katz's correspondence with him pursuant to <u>United States v. Miller</u>.  No extraordinary circumstance existed which would have stopped him from compiling all of his claims from the time the Supreme Court denied *allocatur* in February 2004 until the limitations period expired on June 12, 2004.  Mr. Conn has provided no basis in support of equitable tolling.  Thus, I will overrule Petitioner's second and final objection, adopt that portion of the R&R, and dismiss the additional

claims of the amended petition as time-barred.  An appropriate Order follows.

11